# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Chris Langer**, <br><br> Plaintiff, <br><br> v. <br><br> **HYE LLC**, *et al.*, <br><br> Defendants. | CASE NO.: 17cv02101-L (BLM) <br><br> **ORDER DENYING DEFEND-ANTS' MOTION TO DISMISS** |

Pending in this action filed pursuant to the Americans with Disabilities Act is Defendants' motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Plaintiff has not filed an opposition. Instead, approximately three months after the due date, Plaintiff field a request for leave to file a late opposition. (Doc. no. 36.) Because the request was not jointly made, it was subject to the meet and confer requirement for ex parte applications. *See* Civ. Loc. Rule 83.3.g; Standing Order for Civil Cases at 2. Plaintiff did not show that he had met and conferred with Defendants. Accordingly, his request was denied without prejudice. (Doc. no. 37.) Plaintiff has not cured the defects in his request and has not renewed it.

-1-

Defendants' motion therefore remains unopposed. For the reasons stated below, the motion is nevertheless denied.

The operative complaint alleges that Plaintiff, a quadruplegic who uses a wheelchair for mobility, visited Defendants' business, American Tire Depot, but was not able to use the disabled parking space, because the access isle was blocked by a tire display. Plaintiff alleged that "Defendants have a policy of placing these tires in the access isle." (Doc. no. 24 at 3.) He further alleged that other accessibility barriers were present elsewhere on the premises.

Plaintiff filed a complaint alleging violations of the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* ("ADA") and the Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq*. He seeks statutory damages under California law, and injunctive relief under the ADA. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

In their motion, Defendants point to the Joint Discovery Plan, wherein the parties jointly represented that they had met at the American Tire Depot for an on-site joint inspection, as ordered by the Court. (Doc. no. 27 at 2.) The business was closed that day, and no tires were displayed in the access isle of the disabled parking space. (*Id.*) Based on these facts, Defendants maintain that the ADA claim should be dismissed as moot for lack of subject matter jurisdiction, because the barrier was voluntarily removed.

> Voluntary cessation of challenged conduct moots a case . . . only if it is absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur. And the heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness.

*Adarand Constructors, Inc. v. Slater*, 528 U.S. 216, 222 (2000) (internal quotation marks, brackets and citations omitted). In light of Plaintiff's allegation that it was De-

fendants' policy to display tires in the disabled access isle, and the fact that the business was closed at the time of the on-site inspection, Defendants have not met their "heavy burden" for purposes of mootness. Their motion to dismiss is therefore denied.

**IT IS SO ORDERED.**

Dated:  October 3, 2018

_____
Hon. M. James Lorenz
United States District Judge